IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY CORPORAL,

   Plaintiff,

v.                                           Civil Action No.: DKC-20-1193

LT. SMITH,

   Defendant.

**MEMORANDUM OPINION**

Pending is Defendant Lt. James J. Smith's motion for summary judgment. ECF No. 42. Plaintiff Jeffrey Corporal opposes the motion. ECF No. 46. No hearing is required to resolve Defendant Smith's motion. *See* Local Rule 105.6 (D. Md. 2021). For the reasons noted below the motion shall be denied and Plaintiff's motion for the appointment of counsel (ECF No. 34), which was previously denied without prejudice, shall be granted.

Background

On February 5, 2021, this court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss or for summary judgment. ECF Nos. 27 and 28. The disputed facts foreclosing the possibility of summary judgment in favor of Defendant Smith concern Defendant's assertion that once Mr. Corporal was removed from the cell, no further force was used against him, while Mr. Corporal alleges that Lt. Smith assaulted him when he fell to the floor outside of the cell from which he was removed, repeatedly subjected Mr. Corporal to chemical agents, and assaulted Mr. Corporal when he arrived in the property room. ECF No. 27 at 13. In short, the dispute of fact concerns whether there was additional force used against Mr. Corporal after he was removed from the cell. *Id*. at 14. This court also noted that the absence of

injuries to Plaintiff was not dispositive of his excessive force claim. *Id*., citing *Wilkins v. Gaddy*, 559 U.S. 34 (2010).

In the pending motion for summary judgment, Defendant Lt. Smith asserts that Mr. Corporal was pepper sprayed while he was inside of his cell and, once the cell door was opened, Lt. Smith entered the cell and took Mr. Corporal to the floor. ECF 42-3 at ¶ 3. Lt. Smith denies punching Mr. Corporal and asserts that once Mr. Corporal was restrained, he was escorted to medical for evaluation due to exposure to the chemical agent deployed by Officer Barnes. *Id*. Officer Barnes asserts in his declaration that Lt. Smith returned to the "bubble" immediately after Mr. Corporal was restrained and taken from his cell. ECF No. 42-4. Officer Barnes also claims that he escorted Mr. Corporal to medical for evaluation following the incident. *Id*. Lt. Smith also relies on the absence of any discernible injuries to Mr. Corporal following the alleged use of force as a basis for finding there was no Eighth Amendment violation. *See* ECF No. 42-1 at 3, citing *Whitley v. Albers*, 475 U.S. 312 (1986).

Mr. Corporal points to a discrepancy between the declarations and reports provided with Defendants' first motion for summary judgment and the pending motion. ECF No. 44. Specifically, Mr. Corporal points to a declaration filed by Officer Logedon with the first motion which states that Officer Logedon escorted Mr. Corporal to medical, while Officer Barnes' declaration filed with the current motion states that Officer Barnes and Officer Trail escorted Mr. Corporal to medical. *Id*. at 2.

Following this court's first decision denying summary judgment, defense counsel was directed to provide Mr. Corporal with an opportunity to view the video surveillance from the housing unit where the incident occurred. ECF Nos. 36 & 39. Counsel advised this court that Mr. Corporal viewed the surveillance footage (ECF No. 38); however, a copy of the surveillance

2

footage was not filed with the court.  ECF No. 42.  Despite reviewing the surveillance footage, Mr. Corporal does not dispute the content of the report describing the incident and stating in part that no assault occurred on the tier outside of Corporal's cell as he alleged.  That report notes in pertinent part:

> Lt. Menges watched the video for the area, and noted that at no time did Lt. Smith or any other officer hit Inmate Corporal on the tier.  Inmate Corporal was brought to the property room but had walked under his own power and not dragged.  At the property room, again Inmate Corporal was not seen being hit by any staff member.  A[n] hour after the alleged incident, Inmate Corporal was brought to medical.  Inmate Corporal was evaluated and there were no markings found and no swelling to any part of Inmate Corporal's body.

ECF No. 19-8 at 3 (Intelligence and Investigative Division, Incident Notes).  The Incident Notes appear to rely on the investigator's interview of staff members and his determination of their credibility.

Neither party describes the content of the video surveillance and Defendant Lt. Smith does not provide a copy of the video surveillance to support his motion.  Also absent from this record are photographs of Mr. Corporal depicting the areas of his body that he alleges sustained the brunt of the assault.  Rather, there are black and white pictures of Corporal fully clothed, showing his face following the use of chemical agents against him which have little to no evidentiary value regarding the alleged assault in the property room.  ECF No. 19-9 at 40-41.

**Analysis**

When deciding whether to grant a motion for summary judgment, this court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).  The district court's "function" is not "to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. The evidence provided in support of the second motion for summary judgment differs in no material respect from the evidence presented with the first motion which was denied as to Lt. Smith. The genuine dispute of material fact is not resolved by the declarations provided by Lt. Smith.

Lt. Smith's claim that he is entitled to qualified immunity is unavailing given the material facts in dispute. *See Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). While it is true that qualified immunity is ordinarily determined at the summary judgment stage of litigation, *see Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003), the defense of "[q]ualified immunity does not, however, override the ordinary rules applicable to summary judgment proceedings." *Willingham*, 412 F.3d at 559, citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992). To be entitled to qualified immunity, Lt. Smith must establish that, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the evidence establishes a violation of a constitutional right, the second prong is to assess whether the right was "clearly established" at the time of the events at issue. *Id*. If the right was not clearly established, the qualified immunity doctrine shields a defendant officer from liability. The "answer to both *Saucier* questions must be

in the affirmative in order for a plaintiff to defeat a . . . motion for summary judgment on qualified immunity grounds." *Henry v. Purnell*, 501 F.3d 374, 377-78 (4th Cir. 2007) (citing *Batten v. Gomez*, 324 F.3d 288, 293-94 (4th Cir. 2003)).

The determination of whether Mr. Corporal's constitutional rights were violated requires factual findings and where, as here, the parties provide substantially differing versions of the facts, this court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (*per curiam*). "In qualified immunity cases, this usually means adopting . . . the plaintiff's version of the facts." *Scott*, 550 U.S. at 378. Mr. Corporal has alleged that after he was removed from the tier and away from the view of any surveillance camera, he was gratuitously beaten and repeatedly maced. It is well-established that such conduct, if proven true, violates the Eighth Amendment. *See Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992) (malicious and sadistic use of force for the purpose of causing harm violates the Eighth Amendment). Lt. Smith is not entitled to avail himself of a qualified immunity defense given the record evidence before the court.

By separate Order which follows, Lt. Smith's motion for summary judgment shall be denied and Mr. Corporal's previously filed motion to appoint counsel shall be granted.


September 2, 2021                                     /s/
                                                         DEBORAH K. CHASANOW
                                                         United States District Judge